UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE WILLIAMS,

       Plaintiff,                    CIVIL ACTION NO. 06-CV-10606-DT

v.                                   DISTRICT JUDGE BERNARD A. FRIEDMAN

DAVE BURNETT,              MAGISTRATE JUDGE DONALD A. SCHEER
THOMAS BIRKETT, and
K. WEAVER

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

\*   \*   \*

     Plaintiff, Lonnie Williams, a state prisoner currently incarcerated at the Standish Maximum Correctional Facility (SMF), filed the instant prisoner civil rights suit, pursuant to 42 U.S.C. § 1983, on February 10, 2006, against the above named defendants, who are employed by the Michigan Department of Corrections. Defendant Birkett is the Warden at SMF, Defendant Burnett is a Special Activities Coordinator and Defendant Weaver is a chaplain at the prison. Plaintiff claims that he was denied Kosher meals while at SMF because he allegedly lacked sufficient knowledge to keep Kosher and had a limited understanding of the Jewish faith. Claiming violations of his First Amendment rights to freedom of religion, Plaintiff sought injunctive relief as well as compensatory and punitive

damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff has failed to exhaust his administrative remedies. The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must

show that he has exhausted the administrative remedies with respect to each individual he intends to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003). He must also administratively exhaust his claim as to each defendant associated with the claim. Burton v. Jones, 321 F.3d 569, 574 (6th Cir.2003). In the case of a mixed complaint, which contains both unexhausted and exhausted claims, the Sixth Circuit has ruled that total exhaustion of all claims is required under the PLRA. Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005).

Plaintiff did not attach any grievances to his Complaint alleging violations of his religious freedom. Because he has failed to attach grievances, or explain with specificity how he exhausted his claims against each of the defendants, he has failed to meet his burden of proving that he fully exhausted his administrative remedies.

The Sixth Circuit in Baxter v. Rose, 305 F.3d 486, 490 (6th Cir. 2002), has held that later supplementation or amendment is not permitted. The Baxter court stated that a prisoner is not entitled to amend his complaint to cure any pleading defects regarding exhaustion. Rather, the complaint must be dismissed. In so holding, the court explained:

> A plaintiff in a case covered by the PLRA may not amend his complaint to avoid a sua sponte dismissal. A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte. [citations omitted]. Our rule in McGore requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in the initial complaint, also not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

Id. at 489-490.

The PLRA clearly makes exhaustion a pleading requirement, which cannot be cured later in the litigation. Therefore, the time for proving exhaustion is when the original complaint is filed, and not later.

Plaintiff has failed to show that he pursued a grievance against each of the Defendants at all levels of administrative review, or that he was precluded from doing so. As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1998); <u>White v. McGinnis</u>, 131 F.3d 593, 595 (6th Cir. 1997).   The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE
DATED: July 20, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 20, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 20, 2006. **Lonnie Williams.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217